IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY W. PETTIT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-3535-CV-S-ODS |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION AND REMANDING FOR RECONSIDERATION

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability benefits under Title II. The Commissioner's decision is reversed, and the case is remanded for reconsideration.

Plaintiff was born in July 1968, completed high school and two years of education beyond high school, and has prior work experience as an order puller. He was involved in an automobile accident in 1998 and experienced a back injury. Since then (according to the ALJ) Plaintiff has experienced degenerative disc disease, chronic neck and back pain, anxiety, depression, bipolar disorder. R. at 64.

The procedural posture of this case is particularly important. The application was filed in 2009, and sought both disability benefits and Supplemental Security Income ("SSI") benefits. SSI benefits were granted at the initial application stages, meaning it was determined (without resort to a hearing) that Plaintiff was disabled the month after the application was filed (because SSI benefits are not available prior to the month following the month in which the application was filed).

However, it was initially determined Plaintiff was not disabled before the date of his application, which necessitated the hearing. In fact, the relevant time period was even more restricted because Plaintiff's insured status for disability benefits expired at

the end of March 2004.  Thus the question was whether Plaintiff was disabled between February 1, 2001 (the amended onset date, see R. at 14) and March 31, 2004 (the last day Plaintiff was insured).  The Record contains multiple confirmations that this is the relevant time period.  Both Plaintiff's counsel and the ALJ were careful to direct Plaintiff's answers to this time period.  E.g., R. at 16-19, 22, 24-27, 29-33, 35, 37, 47.  The ALJ acknowledged this fact in his statements and questions to counsel during the hearing.  E.g., R. at 9, 15, 42.  Finally, the ALJ acknowledged this fact in his written Order.  E.g., R. at 62, 64, 72.

The Court concludes the Commissioner's final decision is not supported by substantial evidence in the Record as a whole.  Notwithstanding the fact that the relevant time period was February 1, 2001 to March 31, 2004, the ALJ relied almost exclusively on medical evidence from 2009 and later.  R. at 67-70.  This might have been relevant in evaluating Plaintiff's claim for SSI benefits – but this was not the issue before the ALJ.  More importantly, this evidence bears no obvious relation to Plaintiff's condition in the relevant time period and the ALJ does not explain how evidence from five years later supported his decision, or how that evidence undermines Plaintiff's testimony about his condition during the relevant time period.

Admittedly, there are not a lot of records from the relevant time period.  However, the Court is also concerned that the ALJ mentioned only some of them – and devoted far less attention to them than he did to the reports from 2009 and beyond.  Significantly, there appears to be no mention of Exhibits 3F, 11F, or 19F,[1] and this omission deprives the Commissioner's final decision of necessary support.

As noted by counsel during the hearing, it appears Plaintiff's condition is one that has deteriorated over time.  The Commissioner has determined Plaintiff was disabled at least by 2009.  The question is whether Plaintiff was disabled before that, and specifically whether he was disabled at any time between February 1, 2001 and March 31, 2004.  The Commissioner's decision is reversed and the case is remanded so the

---

[1]Exhibits 3F and 16F are also from the relevant time period, but at best they appear to be marginally relevant to Plaintiff's claim.

2

Commissioner can focus on the relevant time period. On remand, the Commissioner may augment the Record with additional medical records that bear on this issue.
IT IS SO ORDERED.

                                                /s/ Ortrie D. Smith
                                                ORTRIE D. SMITH, SENIOR JUDGE
DATE: February 25, 2014                 UNITED STATES DISTRICT COURT